## Simms and Others *v.* Powell.

*A., B.* and *C.* executed to *D.* a written obligation, by which they acknowledged themselves to be bound to the said *D.* in the sum of $4000, which they jointly and severally promised to pay. The condition of the obligation was stated to be, that *D.* had agreed to furnish from time to time, for twelve months from date, to *A.*, such amounts of money as he might desire, to carry on the milling business, not exceeding said sum of $4000. *A.*, on his part, agreed to ship to *D.*, for sale, all flour manufactured at his mill during the year, and to pay to *D.* ten cents per barrel for selling, and three cents per barrel for storage, and also such commissions for the use of the money as might be agreed upon. Suit by *D.* upon the agreement.

*Held*, that *B.* and *C.* were not bound by the contract for the repayment of any part of the sums of money advanced to *A.*; but that they only engaged that *A.* should ship the flour, and pay the stipulated commissions and storage.

*Saturday,
December 7.*

APPEAL from the *Bartholomew* Circuit Court.

Hanna, J.—The following agreement was entered into by the parties, and signed by the defendants below:

"We, *Burris Moore, Lewis Simms* and *Augustus H. Abbott*, of *Bartholomew* county, *Indiana*, are held and firmly bound unto *Nathan Powell*, of the county of *Jefferson*, *Indiana*, in the sum of four thousand dollars, which we jointly and severally promise to pay said *Powell*, without any relief whatever from valuation or appraisement laws. The condition of the above obligation is such, that said *Nathan Powell* has and does hereby agree to furnish from time to time, for twelve months from the date hereof, to said *Burris Moore*, such amounts of money as may be convenient and desirable to enable him to carry on the milling business at *Lowell* Mills, not exceeding said sum of four thousand dollars. Said *Burris Moore* hereby agrees to ship to said *Powell* all the flour manufactured by said *Lowell* Mills, for the term aforesaid, for sale, except the home retail trade. As and for said *Powell's* services in selling said flour, said *Moore* agrees to pay ten cents per barrel, and when stored three cents per barrel for storage; said *Moore* also agrees, for services aforesaid, to pay such commissions for use of money advanced as may be agreed on by the parties hereto, from time to time.

"Witness our hands and seals, this thirtieth day of *July*, A. D., 1857.

"BURRIS MOORE, [SEAL.]
"LEWIS SIMMS, [SEAL.]
"A. H. ABBOTT," [SEAL.]

The pleadings are such as to show that sums of money largely exceeding four thousand dollars were advanced within two months following the execution of this instrument; and flour shipped, received, and disposed of, also greatly exceeding in value said sum of four thousand dollars; and *Moore* then failed. An agreed statement of facts fixes the amount so advanced, including charges, commissions, &c., at twelve thousand, eight hundred and eighty dollars; and the flour shipped, at twenty two hundred and seventeen barrels, which brought, on sale, eleven thousand, one hundred and twenty-four dollars; leaving a balance apparently due to *Powell*, of seventeen hundred and fifty-six dollars. The question is, whether, upon the writing aforesaid, *Simms* and

Nov. Term, 1861.

SIMMS
v.
POWELL.

Nov. Term,
1861.

SIMMS
v.
POWELL.

*Abbott* are responsible for that sum. The lower Court held that they were.

The appellee insists that *Moore, Simms* and *Abbott* are all bound as principals, and none of them are guarantors, assuming a collateral undertaking; that *Powell* was bound to keep *Moore* in capital, to the extent of four thousand dollars, during the year, to carry on the business, and for the same time he should be *Moore's* commission merchant, sell his flour and account to him, and at the end of the year they should all three be liable to him for any balance of such capital not exceeding said sum. That if *Powell* should in that time advance fifty thousand dollars, that would not defeat the claim for the balance, not exceeding four thousand. For the appellants it is urged, that the bond was not intended to, and does not, secure the repayment of the money advanced; but secures the performance of certain other acts, namely, the shipping of flour to the said *Powell*, and payment to him of the commissions named, &c. And, secondly, if this is not so, then *Simms* and *Abbott* are not bound for advances to *Moore*, exceeding in the aggregate four thousand dollars; and that as the pleadings and agreement show that more than that amount had been realized out of the flour shipped, and was applied by *Powell* on the advances made, the liability of the said sureties thereupon ceased.

We are asked to give a construction to the instrument. We are of opinion that *Simms* and *Abbott* were not bound for the repayment of any part of the sums advanced to *Moore*. They only engaged that *Moore* should ship certain portions of the flour made by him to the plaintiff, and should pay for storage thereof three cents per barrel, and ten cents for selling, and commissions as might be agreed. These things were to be done, or they engaged to respond in damages if they were not done by *Moore*.

Perhaps if said commissions, &c., had not been retained, or deducted out of the proceeds of sales made by *Powell*, he could have held *Simms* and *Abbott* responsible therefor; and thus have applied the whole of such proceeds toward repaying advances made by him. But in the agreed statement

of facts, his account is not so rendered. He there shows that such commissions, &c., amounting to five hundred and forty dollars, were deducted from the proceeds of sales; and for the balance, this suit is brought. No complaint is made for failure to deliver flour during the whole time agreed upon. The balance, for which the suit is thus shown to have been brought, was for money advanced, exceeding the proceeds of shipments made. We can not conclude but that under this contract, advances thus made, over and above the shipments received, were at the risk of the commission merchant.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*S. Stansifer* and *R. Hill,* for the appellants.

*Jer. Sullivan* and *C. E. Walker,* for the appellee.